**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim A. Vega,<br><br>        Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>        Defendant. | No. CV-18-01552-PHX-DWL<br><br>**ORDER** |

Pending before the Court is the parties' Stipulation for Award of Attorney Fees under the Equal Access to Justice Act. (Doc. 22.)

"The Equal Access to Justice Act (EAJA) instructs that this court 'shall' grant attorneys['] fees to a prevailing plaintiff 'unless' the government meets its burden to demonstrate that both its litigation position and the agency decision on review were 'substantially justified.'" *Campbell v. Astrue*, 736 F.3d 867, 868 (9th Cir. 2013) (quoting 28 U.S.C. § 2412(d)(1)(a)). Here, the government stipulates to an award of attorneys' fees in lieu of arguing that its position was substantially justified, and therefore the Court must grant attorneys' fees. *See, e.g., Robinson v. Berryhill*, 2018 WL 7140957, *2 (9th Cir. 2018) ("Pursuant to the parties' stipulation and the [EAJA], 24 U.S.C. § 2412(d), attorney's fees . . . and costs . . . are awarded."); *Wheatley v. Berryhill*, 2018 WL 6579351, *1 (9th Cir. 2018) (same).

Attorneys' fees pursuant to the EAJA "shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor,

such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). However, the Ninth Circuit has simplified this process by posting the statutory maximum rates from 2009 to the present on its website, available at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039. The Court finds that the stipulated amount of attorneys' fees, $7,319.41, is appropriate and does not exceed the statutory maximum.

Accordingly,

**IT IS ORDERED** that the parties' Stipulation for Award of Attorney Fees under the Equal Access to Justice Act (Doc. 21) is granted and Plaintiff is awarded $7,319.41 in attorneys' fees.

**IT IS FURTHER ORDERED** that, pursuant to the parties' stipulation, if the government determines that Plaintiff does not owe a debt subject to offset under the Treasury Offset Program, 31 U.SC. § 3716(c), and the government agrees to waive the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727, the government shall pay the EAJA award to Plaintiff's counsel. If there is a debt owed under the Treasury Offset Program, the remaining EAJA award after offset will be paid by a check made out to Plaintiff but delivered to Plaintiff's counsel.

Dated this 17th day of September, 2019.

Dominic W. Lanza
United States District Judge