**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim A Vega, | No. CV-18-01552-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is the motion for an award of attorneys' fees under 42 U.S.C. § 406(b), submitted by Plaintiff's counsel, Mark Caldwell, which the Commissioner does not oppose.[1] (Doc. 24.) Caldwell submitted a memorandum in support of the motion (Doc. 25), attaching a "Notice of Award" from the Social Security Administration (Doc. 25-1), the client-attorney fee agreement (Doc. 25-2), and an itemization of services (Doc. 25-3).

The client-attorney fee agreement provides for a contingency fee—Plaintiff agreed that the attorneys' fee would be 25% of all past-due benefits awarded to her. (Doc. 25-2 at 2.) This is unsurprising, as 25% contingency fee agreements are nearly ubiquitous in the context of social security appeals. *Gisbrecht v. Barnhart*, 535 U.S. 789, 802–04 (2002).

Section 406(b) "calls for court review" of contingency fee agreements. *Id.* at 807–

---
[1] The Commissioner "has no direct financial stake in the answer to the § 406(b) question" because the fees, if granted, will be taken out of Plaintiff's past-due benefits, and therefore the Commissioner's role "resembl[es] that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002).

08. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* "Within the 25 percent boundary, as petitioners in this case acknowledge, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.*

Plaintiff requests $9,468.25, an amount he appears to have reached by subtracting $4,025.00 (fee for administrative services authorized by 42 U.S.C. § 406(a)) from $13,493.25, the amount the Social Security Administration withheld from past-due benefits for a potential attorneys' fee. (Doc. 25 at 2.)

The amount requested appears to be reasonable,[2] and there is no question that the fee agreement between Plaintiff and Caldwell is enforceable, as it provides for 25% of past-due benefits, as is authorized by *Gisbrecht*. The only problem facing the Court is that Caldwell has not submitted documentation demonstrating that $13,493.25 *is*, in fact, 25% (or less) of the past-due benefits awarded to Plaintiff. The Social Security Administration's Notice of Award (Doc. 25-1) does not ever identify the amount of past-due benefits awarded to Plaintiff. Rather, the Notice states:

> Your lawyer may ask the court to approve a fee nolarger [sic] than 25 percent of past due benefits. Past due benefits are those payable to you (and your family) through August 2019, the month before the court's decision. For this reason, we are withholding $13,493.25.

(Doc. 25-1 at 4.)

It appears to the Court that Caldwell simply assumes that the amount the Social Security Administration withheld must be equal to 25% of Plaintiff's past-due benefits. But the Social Security Administration did not certify that this is true, nor did it

---

[2] The Court's review of Caldwell's timesheets does not indicate that he "is responsible for delay," or that "the benefits are large in comparison to the amount of time counsel spent on the case," or any other factor that would cause the Court consternation regarding reasonableness. *Gisbrecht*, 535 U.S. at 808; *see also Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009) ("The lodestar method under-compensates attorneys for the risk they assume in representing SSDI claimants and ordinarily produces remarkably smaller fees than would be produced by starting with the contingent-fee agreement. A district court's use of the lodestar to determine a reasonable fee thus ultimately works to the disadvantage of SSDI claimants who need counsel to recover any past-due benefits at all.").

affirmatively state the amount of past-due benefits, which would enable Caldwell and this Court to do the simple mathematical task of multiplying that amount by 0.25. *Fox v. Astrue*, 2007 WL 4365489, *1 (D. Ariz. 2007) (calculating 25% of the past-due benefits after the Social Security Administration calculated incorrectly).

Perhaps it is possible to deduce the amount of past-due benefits awarded from other parts of the Notice of Award, but if this is so, Caldwell must "show his work" and explain the mathematical process by which he determined the amount of past-due benefits awarded. *Cf. Saunders v. Astrue*, 2:08-cv-00595-DGC, Doc. 51 at 2 (table demonstrating the amount awarded per month for different time periods, multiplying those amounts by the number of months in each respective period, and adding the sums to generate the total amount of past-due benefits); *Saunders v. Astrue*, 2012 WL 1564629, *2 (D. Ariz. 2012) ("The Court finds that the notice of award . . . contains enough information to determine the amount of the award and the amount of fees due under this motion.").

To the extent that Caldwell relied on the assumption that the amount withheld equals 25% of Plaintiff's past-due benefits, the Court recognizes that it is frustrating if indeed the Social Security Administration did not provide enough information for Caldwell to know how much is due to his client and to him. But the Court cannot authorize an award of attorneys' fees under 42 U.S.C. § 406(b) until the Court knows the amount of Plaintiff's past-due benefits, and thus it is unfortunately incumbent upon Caldwell to provide information he might not know and must, therefore, ascertain. *See, e.g.*, *Christopherson v. Astrue*, 2:09-cv-1005, Doc. 58 ("From this supplement, and on this record, the Court cannot independently calculate 25% of past due benefits. Further, counsel never represents that he has independently calculated what 25% of Plaintiff's past due benefits would be; instead, he seems to adopt the number used by the social security administration. Thus, basically, counsel is asking the Court to accept social security's statement of 'We usually withhold 25 percent of past due benefits in order to pay the approved lawyer's fee. We withheld $6,635.75…' to mean, 'we have calculated

25% of your past due benefits and guarantee it to be $6,635.75.' Perhaps such a reading is indeed what social security intended, but it is not what they said.").

Accordingly,

**IT IS ORDERED** that by January 17, 2020, Caldwell shall file a supplement to the request for fees (1) explaining how the amount of past-due benefits owed to Plaintiff can be deduced from the Notice of Award, (2) providing additional documentation establishing the amount of past-due benefits owed to Plaintiff, and/or (3) documenting Caldwell's good-faith efforts to obtain this information from the Social Security Administration.

Dated this 26th day of December, 2019.

_____
Dominic W. Lanza
United States District Judge