**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kim A Vega, | No. CV-18-01552-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Pending before the Court is a motion for an award of attorneys' fees under 42 U.S.C. § 406(b), submitted by Plaintiff's counsel, Mark Caldwell (Doc. 24), which the Court addressed at length in a December 26, 2019 order (Doc. 26). That order explained that the only obstacle to granting the motion was the lack of documentation establishing the amount of past-due benefits owed to Plaintiff. (Doc. 26 at 2.) Without knowing the amount of past-due benefits, it was impossible to determine whether the amount of fees requested exceeded 25 percent of the past-due benefits. (*Id.*)

The Court acknowledged that "it is frustrating if indeed the Social Security Administration did not provide enough information for Caldwell to know how much is due to his client and him" but concluded that "it is unfortunately incumbent upon Caldwell to provide information he might not know and must, therefore, ascertain." (*Id.* at 3.) Thus, Caldwell was ordered to file a supplement that demonstrated the amount of past-due benefits owed to Plaintiff or documented Caldwell's good-faith efforts to obtain that information from the Social Security Administration ("SSA"). (*Id.* at 4.) The order set a

1 January 17, 2020 deadline, which seemed like ample time to obtain information the SSA
2 should have had readily available.  (*Id.*)

3 Nevertheless, on January 3, 2020, Caldwell filed an unopposed motion for a 60-day
4 extension.  (Doc. 27 at 1.)  This request was granted.  (Doc. 28.)

5 On March 17, 2020, Caldwell filed the court-ordered supplement, documenting his
6 good-faith (but unsuccessful) attempts to obtain documentation of Plaintiff's past-due
7 benefits.  (Doc. 31.)  Caldwell documented nine attempts between January 3, 2020 and
8 March 10, 2020.  (*Id.* at 2-3.)  According to Caldwell, his legal assistant called the SSA's
9 North Eastern Program Service Center, Mod 12 ("NEPSC") multiple times and was
10 frequently told that a technician would get back to him, but the call was never returned.
11 (*Id.* at 2.)  Finally, on February 20, 2020, he was advised to call Plaintiff's local SSA office
12 and was informed that the Notice of Award was indeed deficient and that the total amount
13 of past-due benefits was $53,973, such that $13,493.25 was 25% of the total award.  (*Id.* at
14 3.)  He was told a new Notice of Award would issue, but that it might take a while.  (*Id*.)
15 To date, and despite follow-up from Caldwell's office, the Notice of Award has not
16 materialized.

17 The supplement is sufficient to establish that the fees requested do not exceed 25%
18 of the amount of past-due benefits awarded to Plaintiff.  The Court will grant the motion
19 for § 406(b) fees.

20 But more needs to be said.  The SSA's lack of responsiveness in this case is
21 unacceptable.  In light of the current pandemic and the likelihood that the SSA is now
22 dealing with an unusually difficult set of circumstances, the Court will not order the SSA
23 to show cause.  But if such conduct persists in future cases, it will be dealt with
24 appropriately.

25 Furthermore, the Court advises Caldwell that in future cases, if the amount of past-
26 due benefits is not indicated in the Notice of Award, he should clearly indicate that fact in
27 the fees motion, along with documentation of his efforts to obtain the information.  That
28 way, if the Court is satisfied that the problem lies with the SSA, the Court can order the

SSA to file the documentation.

Based on the foregoing, and the analysis contained in the Court's December 26, 2019 order (Doc. 26),

**IT IS ORDERED** that Plaintiff's Attorney's Motion for an Award of Attorney Fees under 42 U.S.C. § 406(b) (Doc. 24) is **GRANTED** in the amount of $13,493.25.

**IT IS FURTHER ORDERED** that Plaintiff's counsel must refund the lesser of the EAJA fee award and the § 406(b) fee award to Plaintiff.

Dated this 19th day of March, 2020.

Dominic W. Lanza
United States District Judge